US DISTRICT CT
W.D.N.Y. BUFFALO

-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2005 JUN 21  AM 11: 1...

---

WOODROW FLEMMING, 03-A-5259,

                Plaintiff,

     -v-

STATE OF NEW YORK,
ATTORNEY GENERAL, and
COMMISSIONER GOORD,

              Defendants.

05-CV-6186L(Fe)

MEMORANDUM and ORDER

---

## INTRODUCTION

Plaintiff Woodrow Flemming, an inmate of the Upstate Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1). He has requested permission to proceed *in forma pauperis* (Docket No. 2) and has now filed a signed Authorization (Docket No. 5). For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, but unless plaintiff files an amended complaint as directed below, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claims must be dismissed unless plaintiff files an amended complaint as directed below.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Additionally, even *pro se* pleadings must comply with basic requirements of the Federal Rules of Civil Procedures. *See Wynder v. McMahon*,

360 F.3d 73 (2d Cir. 2004); *Jones v. Ocwen Federal Bank*, 147 F.Supp.2d 219 (S.D.N.Y. 2001).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  Under Rule 8(a)(2), the complaint "should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  In addition, the "statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).  "When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).  "When the court chooses to dismiss, it normally grants leave to file an amended pleading that conforms to the requirements of Rule 8." *Salahuddin*, 861 F.2d at 42.  *See also Simmons*, 49 F.3d at 87.

Plaintiff has submitted a lengthy, rambling complaint replete with attachments covering everything from multiple copies of responses to plaintiff's grievances, medical records, correspondence, and miscellaneous portions of state court proceedings.  Plaintiff names three defendants in his caption – the State of New York, the Attorney General, and Commissioner Goord, but upon review of his papers it becomes readily apparent that he

has simply named these three entities by virtue of their place in the state's hierarchy, overseeing the seventeen or so defendants plaintiff lists inside. Plaintiff commences his factual portion with his allegations regarding his criminal conviction and proceeds to provide a scattershot of allegations ranging from medical issues concerning use of a wheelchair to allegations of retaliation. The Court cannot determine whether plaintiff is attempting to challenge his conviction (which must be pursued by a writ of habeas corpus under 28 U.S.C. § 2254) or some aspect of his confinement properly challenged by a 42 U.S.C. § 1983 action. The complaint, as presented, fails to provide notice to the defendants and is incomprehensible for evaluation under 28 U.S.C. § 1915. Therefore the complaint is subject to dismissal.

However, the Court will permit plaintiff to file an amended complaint that complies with the basic pleading requirements in Rules 8 and 10 of the Federal Rules of Civil Procedure. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires"). Plaintiff is advised to use the complaint form provided by the Clerk of the Court and to state each of his claims in simple and clear language, providing the following information:

- What happened (Briefly state the facts and circumstances surrounding the event, and what happened as a result of the complained-of events, including any injury)

- When and Where

- Who was involved (include either the name of each person involved or, if the name is not known, identify each person with a "John Doe" name and description), and what each person did or did not do

- What relief is sought (what plaintiff wants to have happen at the end of the case

4

Additionally, plaintiff should list each of the individuals whom he intends to name as a defendant in the caption of the action, and then identify these defendants in the parties section of the form as well.  Plaintiff is advised that he may not rely on the doctrine of *respondeat superior* to establish liability in a § 1983 action.  *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691-95 (1978).  In other words, "[t]he bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim."  *Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995).  Instead, a showing of some personal responsibility on the part of an employer is required.  In the case of an individual defendant, plaintiff must show that the defendant was personally involved in a constitutional deprivation, *Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997), or that the defendant, employed in a position of control, failed to remedy the alleged wrong after learning of it, or created a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing subordinates, *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is granted.  For the reasons set forth above, plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint by **July 27, 2005** in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff has applied to the Court for appointment of counsel pursuant to 28 U.S.C. § 1915(e).   Because plaintiff's claims are not going forward unless the complaint is amended as directed above, plaintiff's request for appointment of counsel is denied as premature.

Plaintiff is advised that an amended complaint is intended to *completely replace* the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).   Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).   Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B).   *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted;

FURTHER, that plaintiff is granted leave to file an amended complaint as directed above by **July 27, 2005**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that plaintiff's pending motions for assignment of counsel are denied at this time;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **July 27, 2005**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **July 27, 2005**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **July 27, 2005**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

DATED:      Buffalo, New York
            _June 20_____, 2005


                                        _John T. Elfin_____
                                        JOHN T. ELFVIN
                                        UNITED STATES DISTRICT JUDGE